David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Dacia Pryor,**<br><br>Plaintiff,<br><br>v.<br><br>**Equifax Information Services, LLC, Bank of America, N.A., Avant, Inc., American Express Company, and Wells Fargo Bank, N.A.,**<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods

undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. DACIA PRYOR ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), BANK OF AMERICA, N.A. ("BoA"), AVANT, INC. ("Avant"), AMERICAN EXPRESS COMPANY ("AMEX"), and WELLS FARGO BANK, N.A. ("Wells Fargo") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Equifax is a foreign limited liability company doing business in the State of Arizona.

13. Defendant BoA is a corporation registered with the Arizona Secretary of State and doing business in the State of Arizona.

14. Defendant Avant is a corporation doing business in the State of Arizona.
15. Defendant AMEX is a corporation doing business in the State of Arizona.
16. Defendant Wells Fargo is a bank doing business in the State of Arizona.
17. Defendants BoA, Avant, AMEX and Wells Fargo are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.
18. Defendant Equifax is a national credit reporting agency, doing business in Arizona, with a principal place of business in Georgia.

### GENERAL ALLEGATIONS

19. At all times relevant, Plaintiff was an individual residing within the State of Arizona.
20. At all times relevant, Defendants conducted business in the State of Arizona.
21. On or about March 17, 2015, Plaintiff filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Arizona. Plaintiff's case was assigned Case Number 2:15-bk-02837 (the "Bankruptcy") in order to obtain a fresh start and rebuild her credit.
22. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.
23. On or about June 29, 2015, Plaintiff received a Bankruptcy discharge.
24. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.
25. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.
26. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

27. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

28. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

29. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and negative credit information in Plaintiff's credit files.

30. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and her "fresh start".

## BoA Misreported Credit Information

31. In an Equifax credit report dated August 9, 2015, BoA reported the following inaccurate, derogatory information:

- Account No. 488894199776XXXX: Post-bankruptcy information for the following dates: April 2015 (Date Major Delinquency First Reported).
- Account No. 37463399977XXXX: Post-bankruptcy information for the following dates: April 2015 (Date Major Delinquency First Reported).

32. BoA should not have reported derogatory information on Plaintiff's account after March 17, 2015, because Plaintiff filed for Bankruptcy on March 17, 2015.

33. On or about August 12 2015, Plaintiff disputed BoA's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax,

in writing, of the incorrect and inaccurate credit information furnished by BoA.

34. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- Account #488894199776XXXX: This account was discharged in my Bankruptcy which was filed on 03/17/2015 and discharged 06/29/2015, bearing Case No. 2:15-bk-02837-GBN in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: April 2015 (Date Major Delinquency First Reported).

- Account #37463399977XXXX: This account was discharged in my Bankrupty which was filed on 03/17/2015 and discharged 06/29/2015, bearing Case No. 2:15-bk-02837-GBN in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: April 2015 (Date Major Delinquency First Reported).

35. The Equifax Dispute Letter further requested that Equifax:

- This Immediately delete this account and the disputed derogatory information from my credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 03/17/2015, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

36. Upon information and belief, Equifax timely notified BoA of Plaintiff's dispute, but BoA continued reporting derogatory information.
37. BoA and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
38. On or about September 9, 2015, Plaintiff received notification from Equifax that BoA and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants verified both accounts do "not report any late payments".
39. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, BoA and Equifax simply left derogatory information on Plaintiff's report.  Specifically, BoA and Equifax reported the following inaccurate, derogatory information:

- Account #488894199776XXXX: Post-bankruptcy information for the following dates: April 2015 (Date Major Delinquency First Reported).

- Account #37463399977XXXX: Post-bankruptcy information for the following dates: April 2015 (Date Major Delinquency First Reported).

40. BoA and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

41. BoA and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

42. Due to BoA and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

43. Plaintiff's continued efforts to correct BoA and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with BoA and Equifax were fruitless.

44. BoA and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

45. BoA and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

46. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, BoA and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Avant Misreported Credit Information**

47. In an Equifax credit report dated August 9, 2015, Avant reported the following inaccurate, derogatory information:

COMPLAINT    8

- Account #12XXXX: Post-bankruptcy information for the following dates: Current Status: 120+ Days Past Due; Comments Section: account is 180 Days past due.

48. Avant should not have reported derogatory information on Plaintiff's account after March 17, 2015, because Plaintiff filed for Bankruptcy on March 17, 2015.

49. On or about August 12, 2015, Plaintiff disputed Avant's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Avant.

50. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- Account #12XXXX:  This account was discharged in my Bankruptcy which was filed on 03/17/2015 and discharged 06/29/2015, bearing Case No. 2:15-bk-02837-GBN in the District for Arizona.  There should be no derogatory reporting after the filing date. Specifically, please remove the Current Status, which is reporting as 120+ Days Past Due; in addition, remove the Comments that state the account is 180 Days past due.

51. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

COMPLAINT                                    9

- The discharged debt should be reported with an account balance of $0 with a status of "current".
- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 03/17/2015, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

52. Upon information and belief, Equifax timely notified Avant of Plaintiff's dispute, but Avant continued reporting derogatory information.
53. Avant and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
54. On or about September 9, 2015, Plaintiff received notification from Equifax that Avant and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the "current status is being reported correctly."
55. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Avant and Equifax simply left derogatory information on Plaintiff's report. Specifically, Avant and Equifax reported the following inaccurate, derogatory information:

- Account #12XXXX: Current Status: Over 120 Days Past Due; ADDITIONAL INFORMATION: 180 Days or More Past due.

56. Avant and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

57. Avant and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

58. Due to Avant and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

59. Plaintiff's continued efforts to correct Avant and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Avant and Equifax were fruitless.

60. Avant and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

61. Avant and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

62. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Avant and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### AMEX Misreported Credit Information

63. In an Equifax credit report dated August 9, 2015, AMEX reported the following inaccurate, derogatory information:

- Account #349991052220XXXX: Post-bankruptcy information for the following dates: April 2015 (Date Major Delinquency First Reported).

64. AMEX should not have reported derogatory information on Plaintiff's account after March 17, 2015, because Plaintiff filed for Bankruptcy on March 17, 2015.

65. On or about August 12, 2015, Plaintiff disputed AMEX's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by AMEX.

66. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- Account #349991052220XXXX:  This account was discharged in my Bankruptcy which was filed on 03/17/2015 and discharged 06/29/2015, bearing Case No. 2:15-bk-02837-GBN in the District for Arizona.  There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: April 2015 (Date Major Delinquency First Reported).

67. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 03/17/2015, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

68. Upon information and belief, Equifax timely notified AMEX of Plaintiff's dispute, but AMEX continued reporting derogatory information.
69. AMEX and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
70. On or about September 9, 2015, Plaintiff received notification from Equifax that AMEX and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "does not report any late payments."
71. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, AMEX and Equifax simply left derogatory information on Plaintiff's report.  Specifically, AMEX and Equifax reported the following inaccurate, derogatory information:

- Account #349991052220XXXX: Post-bankruptcy information for the following dates: April 2015 (Date Major Delinquency First Reported).

COMPLAINT           13

72. AMEX and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

73. AMEX and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

74. Due to AMEX and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

75. Plaintiff's continued efforts to correct AMEX and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with AMEX and Equifax were fruitless.

76. AMEX and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

77. AMEX and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

78. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, AMEX and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### Wells Fargo Misreported Credit Information

79. In an Equifax credit report dated August 9, 2015, Wells Fargo reported the following inaccurate, derogatory information:

    - Account #758305XXXX: Post-bankruptcy information for the following dates: April 2015 (Date Major Delinquency First Reported).

- Account #446542017782XXXX: Post-bankruptcy information for the following dates: April 2015 (Date Major Delinquency First Reported).

80. Wells Fargo should not have reported derogatory information on Plaintiff's account after March 17, 2015, because Plaintiff filed for Bankruptcy on March 17, 2015.

81. On or about August 12, 2015, Plaintiff disputed Wells Fargo's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Wells Fargo.

82. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- Account #758305XXXX: This account was discharged in my Bankruptcy which was filed on 03/17/2015 and discharged 06/29/2015, bearing Case No. 2:15-bk-02837-GBN in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: April 2015 (Date Major Delinquency First Reported).

- Account #446542017782XXXX: This account was discharged in my Bankruptcy which was filed on 03/17/2015 and discharged 06/29/2015, bearing Case No. 2:15-bk-02837-GBN in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the

derogatory information for the following post-bankruptcy dates: April 2015 (Date Major Delinquency First Reported).

83. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current".
- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 03/17/2015, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

84. Upon information and belief, Equifax timely notified Wells Fargo of Plaintiff's dispute, but Wells Fargo continued reporting derogatory information.

85. Wells Fargo and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

86. On or about September 9, 2015, Plaintiff received notification from Equifax that Wells Fargo and Equifax received notice of Plaintiff's dispute pursuant

to 15 U.SC. § 1681i(a)(6), and verified both accounts do "not report any late payments."

87. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Wells Fargo and Equifax simply left derogatory information on Plaintiff's report. Specifically, Wells Fargo and Equifax reported the following inaccurate, derogatory information:

- Account #758305XXXX: Post-bankruptcy information for the following dates: April 2015 (Date Major Delinquency First Reported).

- Account #446542017782XXXX: Post-bankruptcy information for the following dates: April 2015 (Date Major Delinquency First Reported).

88. Wells Fargo and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

89. Wells Fargo and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

90. Due to Wells Fargo and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

91. Plaintiff's continued efforts to correct Wells Fargo and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Wells Fargo and Equifax were fruitless.

92. Wells Fargo and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

93. Wells Fargo and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

94. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Wells Fargo and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

95. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

96. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

97. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

98. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

## TRIAL BY JURY

99. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 9, 2015                              Respectfully submitted,

                                            BY: /S/ RYAN L. MCBRIDE
                                                RYAN L. MCBRIDE, ESQ.
                                                ATTORNEY FOR PLAINTIFF